14-cv-1286

JS 44 (Rev. 12/12) SD

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

14 1286

**I. (a) PLAINTIFFS**
MELINDA CAMPEGGIO

**DEFENDANTS**
UPPER POTTSGROVE TOWNSHIP
POLICE CHIEF WILLIAM MOFFETT
SEE ADD'L PAGE

**(b)** County of Residence of First Listed Plaintiff: Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Benson I. Goldberger, Esquire Dion&Goldberger 215-546-6033
1845 Walnut Street, Suite 1199, Philadelphia, PA 19103

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☒ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
Other:
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Management Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 375 False Claims Act
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Brief description of cause:
False Arrest, False Imprisonment and Excessive Force in Violation of Section 1983

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*:
JUDGE DOCKET NUMBER

DATE
02/28/2014
SIGNATURE OF ATTORNEY OF RECORD
[signature]

FEB 28 2014

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

POLICE OFFICER SEAN FARRELL

AND

POLICE OFFICER JIM HUMMER

AND

WEST POTTSGROVE TOWNSHIP
C/O WEST POTTSGROVE TOWNSHIP

AND

POLICE CHIEF EARL E. SWAVELY, JR.
C/O WEST POTTSGROVE TOWNSHIP

AND

CORPORAL BRIAN CASS
C/O WEST POTTSGROVE TOWNSHIP

AND

POLICE OFFICER JOHN DOES #1-3
UPPER POTTSGROVE TOWNSHIP

AND

POLICE OFFICER JOHN DOES #3-6
WEST POTTSGROVE TOWNSHIP

---

SD

UNITED STATES DISTRICT COURT 14 1286

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 828 Farmington Ave, Pottstown, PA 19464

Address of Defendant: 1409 Farmington Ave, Pottstown, PA 19464

Place of Accident, Incident or Transaction: 828 Farmington Ave, Pottstown, PA 19464

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☐

Does this case involve multidistrict litigation possibilities? Yes☐ No☐

*RELATED CASE, IF ANY:*

Case Number: ______ Judge ______ Date Terminated: ______

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes☐ No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes☐ No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ No☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes☐ No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) ______

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) ______

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, Benson Goldberger, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

**DATE:** 2/28/14 [signature] Attorney-at-Law 59442 Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

**DATE:** 2/28/14 [signature] Attorney-at-Law 59442 Attorney I.D.#

FEB 28 2014

CIV. 609 (5/2012)

SD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Melinda Campeggio :
v. :
Upper Pottsgrove Township, et al. :

CIVIL ACTION

NO. **14 1286**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| | | |
|---|---|---|
| 2/28/14 | Benson Goldberger | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-546-6033 | 215-546-6269 | bgoldbergerlaw@aol.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

FEB 28 2014

#410

SD

DION-GOLDBERGER
ATTORNEYS AT LAW
BY: BENSON I. GOLDBERGER
IDENTIFICATION NO.: 59442
1845 WALNUT STREET, STE. 1199
PHILADELPHIA, PA. 19103
(215) 546-6033

ATTORNEY FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELINDA CAMPEGGIO<br>828 FARMINGTON AVE.<br>POTTSTOWN, PA. 19464 | JURY TRIAL DEMANDED<br>14 1286 |
| V.<br>UPPER POTTSGROVE TOWNSHIP<br>1409 FARMINGTON AVE.<br>POTTSTOWN, PA. 19464<br>AND<br>POLICE CHIEF WILLIAM MOFFETT<br>C/O UPPER POTTSGROVE TOWNSHIP<br>1409 FARMINGTON AVE.<br>POTTSTOWN, PA. 19464<br>AND<br>POLICE OFFICER SEAN FARRELL<br>C/O UPPER POTTSGROVE TOWNSHIP<br>1409 FARMINGTON AVE.<br>POTTSTOWN, PA. 19464<br>AND<br>POLICE OFFICER JIM HUMMER<br>C/O UPPER POTTSGROVE TOWNSHIP<br>1409 FARMINGTON AVE.<br>POTTSTOWN, PA. 19464<br>AND<br>WEST POTTSGROVE TOWNSHIP<br>C/O WEST POTTSGROVE TOWNSHIP<br>980 GROSSTOWN ROAD<br>STOWE, PA. 19464<br>AND<br>POLICE CHIEF EARL E. SWAVELY, JR.<br>C/O WEST POTTSGROVE TOWNSHIP<br>980 GROSSTOWN ROAD<br>STOWE, PA. 19464<br>AND<br>CORPORAL BRIAN CASS | CIVIL ACTION<br><br>FILED<br>FEB 28 2014<br>MICHAEL E. KUNZ, Clerk<br>By_______ Dep. Clerk |

C/O WEST POTTSGROVE TOWNSHIP :
980 GROSSTOWN ROAD :
STOWE, PA. 19464 :
AND :
POLICE OFFICER JOHN DOES #1-3 :
UPPER POTTSGROVE TOWNSHIP :
1409 FARMINGTON AVENUE :
POTTSTOWN, PA 19464 :
AND :
POLICE OFFICER JOHN DOES #3-6 :
WEST POTTSGROVE TOWNSHIP :
980 GROSSTOWN ROAD :
STOWE, PA 19464 :

**CIVIL ACTION COMPLAINT**

**I. JURISDICTION AND VENUE**

1. The court has jurisdiction over the Federal Law Claims pursuant to 28 U.S.C. 1331 and 1343, and jurisdiction over the State Law Claims pursuant to the principals of pendant and ancillary jurisdiction.

2. Venue is proper under 28 U.S.C. 1391(b) because all of the causes of action upon which the complaint is based arose in City of Pottstown and County of Montgomery, Commonwealth of Pennsylvania, which is in the Eastern District of Pennsylvania.

**II. PARTIES**

3. Plaintiff, Melinda Campeggio , is an adult citizen of Pennsylvania, residing as captioned, and is an adult female.

4. Defendant, Upper Pottsgrove Township is a municipality, organized and existing pursuant to the laws of the Commonwealth of Pennsylvania with principal offices located as captioned.

5. Defendant, Police Chief William Moffett, was at all material times the Police Chief of Upper Pottsgrove Township, acting under the color of law and in the course and scope of his employment, and is being sued in both his official and individual capacities.

6. Defendant, Police Chief William Moffett, was at all material times responsible for supervising and training defendants Police Officer Sean Farrell and Police Officer James Hummer, and Police Officers John Does #1-3.

7. At all material times, defendant, Police Chief William Moffett, had final decision making authority over the implementation of policy and the day to day operations of the Upper Pottsgrove Township Police Department.

8. Defendants, Police Officer Sean Farrell and Police Officer James Hummer, and Police Officers John Does #1-3, were at all material times police officers in the Upper Pottsgrove Township Police Department, acting under the color of law and in the course and scope of their employment, and are being sued in both their official and individual capacities.

9. Defendant, West Pottsgrove Township is a municipality, organized and existing pursuant to the laws of the Commonwealth of Pennsylvania with principal offices located as captioned.

10. Defendant, Police Chief Earl E. Swavely, Jr., was at all material times the Police Chief of West Pottsgrove Township, acting under the color of law and in the course and scope of his employment, and is being sued in both his official and individual capacities.

11. Defendant, Police Chief Earl E. Swavely, Jr., was at all material times responsible for supervising and training defendant Corporal Brian Cass, and Police Officers John Does #3-6.

12. At all material times, defendant, Police Chief Earl E. Swavely, Jr. had final decision making authority over the implementation of policy and the day to day operations of the West Pottsgrove Township Police Department.

13. Defendant Corporal Brian Cass, and Police Officers John Does #3-6, were at all material times police officers in the West Pottsgrove Township Police Department, acting under the color of law and in the course and scope of their employment, and are being sued in both their official and individual capacities.

**III. OPERATIVE FACTS**

14. On or about March 6, 2012 at approximately 1:30 a.m., Defendant Police Officers Sean Farrell, James Hummer and Corporal Brian Cass, responded to the 800 block of Farmington Ave., Pottstown, Upper Pottsgrove Township, Montgomery County, Pennsylvania as a result of receiving a report of shots fired and a male with a gun at 821 Farmington Ave., Pottstown, Pennsylvania.

15. At that date and time, Plaintiff Melinda Campeggio, who resides at 828 Farmington Ave., Pottstown, Pa. was in her backyard of her home with her dogs when she was initially approached by Defendant Police Officer James Hummer armed with his AR 14 assault rifle drawn.

16. Just prior to the arrival of Defendant James Hummer, Plaintiff Melinda Campeggio had received a phone call from her neighbor who was monitoring a police scanner and advised plaintiff Melinda Campeggio that police were coming to her house because of a report of shots fired.

17. Defendant Police Officer James Hummer and plaintiff Melinda Campeggio were separated by a fence for the property located at 828 Farmington Ave., Pottstown, Pa.

18. Upon Defendant Police Officer James Hummer approaching Melinda Campeggio, with his weapon pointed at her, she advised him that there had been a mistake and no shots were fired and no one in her house had a gun.

19. Plaintiff Melinda Campeggio again advised defendant Police Officer James Hummer that there was a mistake regarding any incident of shots fired and as she turned away from defendant Police Officer James Hummer, in order to use her cell phone to call inside to her boyfriend Mark Creasy, defendant Police Officer James Hummer, without any warning, grabbed plaintiff

Melinda Campeggio around her neck, choking her and attempted to yank her over the fence separating them.

20. At this time, as she was being choked by Defendant Police Officer James Hummer, Defendant Police Officer Sean Farrell approached plaintiff Melinda Campeggio in her backyard, grabbed her legs and tried to throw her over the fence.

21. As a result of being choked by Defendant Police Officer James Hummer and being unable to breathe, plaintiff Melinda Campeggio flailed her legs at which time she inadvertently kicked Defendant Police Officer Sean Farrell.

22. Plaintiff Melinda Campeggio was violently taken to the ground and handcuffed by Defendant Police Officer Sean Farrell and Defendant Corporal Brian Cass.

23. Plaintiff Melinda Campeggio's legs were then secured with zip ties.

24. Defendant Police Officer Sean Farrell was outraged at having been inadvertently kicked by plaintiff Melinda Campeggio and yelled at her, "You're going to jail, you should have never fucking kicked me."

25. While on the ground in the back yard with her arms handcuffed behind her back and legs tied with zip ties, plaintiff Melinda Campeggio attempted to roll-over from being face down on the ground in order to sit-up at which time defendant Police Officer Sean Farrell stomped down on her right leg and repeated his prior statement," You're going to jail, you shouldn't have fucking kicked me."

26. As a result of defendant Police Officer Sean Farrell stomping down on her right knee, plaintiff experienced excruciating pain and believed that the blow to her right knee administered by defendant Police Officer Sean Farrell had broken her leg.

27. In addition to stomping on her right leg, Police Officer Sean Farrell kicked plaintiff Melinda Campeggio in her ribs.

28. Plaintiff Melinda Campeggio was transported to Pottstown Police Department for processing

29. Plaintiff Melinda Campeggio was arrested and charged with the following offenses:

a. Count 1-18 § 2702-Aggravated Assault
b. Count 2-18 § 2702--Aggravated Assault
c. Count 3-18 § 2701-Simple Assault
d. Count 4-18 § 2701-Simple Assault
e. Count 5-18 § 5104-Resisting Arrest
f. Count 6- 18 § 5503-Disorderly Conduct
g. Count 7 - 18 § 5503-Disorderly Conduct, hazardous situation

30. On October 15, 2013, at the trial of this matter in the Montgomery County Court of Common Pleas, Plaintiff was found not guilty of all offenses in a trial before the Honorable Carolyn Carluccio.

31. While at the Pottstown Police Department for processing, she advised police officers there that she had sustained injuries as a result of the assault upon her including, but not limited to her right knee and wrist.

32. She was transported to Pottstown Memorial hospital for evaluation of her injuries.

33. As a result of being having her knee stomped on by defendant Police Officer Sean Farrell and being kicked in ribs, and violently taken to the ground by the aforementioned officers, all without probable cause for her arrest, Plaintiff sustained severe personal injuries, including, but not limited to tearing of the posterior horn and extending into the posterior body of the medical mensicus, sprain right knee, sprain left wrist, radial styloid tenosynovitis, sprain of the cruciate ligament of the right knee and low back injuries.

34. As a result of the injuries sustained to her right knee, Plaintiff has been recommended to undergo surgery, however, to date, she has been unable to have this surgery due to her inability to obtain medical coverage for this treatment.

35. Plaintiff did not violate any criminal statutes of the Commonwealth of Pennsylvania on March 6, 2012 and was exonerated on all charges she was falsely accused of by the Defendants.

36. Defendant Police Chief William Moffett and Defendant Police Chief Earl E. Swavely, Jr. were aware that police officers in Upper Pottsgrove Township and West Pottsgrove Township, and specifically the above named police officers, engaged in unconstitutional conduct and they acquiesced in such unconstitutional conduct.

37. Defendant Police Chief William Moffett and/or Defendant Police Chief Earl E. Swavely, Jr. maintained a policy and/or custom of allowing Upper Pottsgrove Township and West Pottsgrove Township police officers, and specifically the above named police officers, to use unreasonable force against the citizens of Pennsylvania.

38. As the direct and proximate result of the Upper Pottsgrove Township Police Department, West Pottsgrove Police Department, Defendant, Upper Pottsgrove Township and Defendant, West Pottsgrove Township's unconstitutional custom, policy and/or practice, and the acquiescence by Police Chief William Moffett and/or Police Chief Earl E. Swavely, Jr., the Plaintiff's constitutional rights were violated and she was severely injured.

39. As the proximate result of using unreasonable force against the Plaintiff, Defendants Police Officer Sean Farrell, Police Officer James Hummer, Corporal Brian Cass, and Police Officers John Does #1-6, violated of plaintiff, Melinda Campeggio's, rights under the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the Commonwealth of Pennsylvania.

40. As the proximate result of using unreasonable force against the Plaintiff, Defendants Police Officer Sean Farrell, Police Officer James Hummer, Corporal Brian Cass and Defendant Police Officers John Does #1-6, caused the Plaintiff to suffer extreme physical harm, emotional

harm and economic loss, including loss of earnings and or earnings capacity, and the necessity to spend various sums for her criminal defense in regard to the crimes she was accused and acquitted of.

**COUNT I - 42 U.S.C. Sections 1983 & 1988**
**UNREASONABLE/EXCESSIVE FORCE**
**MELINDA CAMPEGGIO v. POLICE OFFICER JAMES HUMMER, POLICE OFFICER SEAN FARRELL, CORPORAL BRIAN CASS AND POLICE OFFICERS JOHN DOES #1-6**

41. Paragraphs 1 through 40 are incorporated herein by reference, as though each were fully set forth herein at length.

42. As aforesaid, defendants Police Officer James Hummer, Police Officer Sean Farrell, Corporal Brian Cass and Police Officers John Does #1-6, acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies, and practices of the Upper Pottsgrove Township Police Department and West Pottsgrove Township Police Department; deprived plaintiff of her rights, privileges and immunities under the Laws and Constitutions of Pennsylvania and the United States; in particular, the right to be free from the excessive or unreasonable use of force by an officer; which violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, and the laws of the Commonwealth of Pennsylvania.

43. As aforesaid, defendants, defendants Police Officer James Hummer, Police Officer Sean Farrell, Corporal Brian Cass and Police Officers John Does #1-6, acting within the course and scope of their employment, under the Color of State Law, and pursuant to the customs, policies and practices of the Upper Pottsgrove Township Police Department and West Pottsgrove Township Police Department, and Defendants, Upper Pottsgrove Township and West Pottsgrove Township, intentionally and maliciously assaulted and battered plaintiff, Melinda Campeggio, and placed her in fear of imminent bodily harm without just cause or provocation, all of which actions violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws of the Commonwealth of Pennsylvania.

44. As aforesaid, defendants Police Officer James Hummer, Police Officer Sean Farrell, Corporal Brian Cass and Police Officers John Does #1-6, acting within the course and scope of their employment, under the Color of State law, and pursuant to the customs, policies and practices of the Upper Pottsgrove Township Police Department and West Pottsgrove Township Police Department, and Defendants, Upper Pottsgrove Township and West Pottsgrove Township, maliciously assaulted and battered, plaintiff, Melinda Campeggio and used their positions of authority, illegally and improperly to punish the plaintiff, by the above described actions, all of which actions violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, and the laws of the Commonwealth of Pennsylvania.

45. As a direct and proximate result of the malicious, intentional and reckless actions of the defendants, Police Officer James Hummer, Police Officer Sean Farrell, Corporal Brian Cass and Police Officers John Does #1-6, the plaintiff, Melinda Campeggio suffered injuries which are described above.

46. The above described actions of the defendants Police Officer James Hummer, Police Officer Sean Farrell, Corporal Brian Cass and Police Officers John Does #1-6, in their individual capacities, were so malicious, intentional and reckless and displayed such a reckless indifference to the plaintiff's rights and well-being, that the imposition of punitive damages is warranted.

WHEREFORE, pursuant to 42 U.S.C. Section 1983 and Section 1988, plaintiff, Melinda Campeggio, demands compensatory damages against defendants, Police Officer James Hummer, Police Officer Sean Farrell, Corporal Brian Cass and Police Officers John Does #1-6, jointly and/or severally, and punitive damages against defendants Police Officer James Hummer, Police Officer Sean Farrell, Corporal Brian Cass and Police Officers John Does #1-6, in their individual capacity, in an amount sufficient to adequately and fairly compensate the plaintiff and punish and deter such conduct on the part of defendants, along with interest, costs, attorney's fees and delay damages.

**COUNT II - 42 U.S.C. Section 1983 & Section 1988**
**FALSE ARREST AND FALSE IMPRISONMENT**
**MELINDA CAMPEGGIO VS. PATROL OFFICER JAMES HUMMER, PATROL OFFICER SEAN FARRELL, CORPORAL BRIAN CASS, AND POLICE OFFICERS JOHN DOES #1-6**

47. Paragraphs 1 through 46 are incorporated herein by reference, as though each were fully set forth herein at length.

48. As aforesaid, defendants Police Officer James Hummer, Police Officer Sean Farrell, Corporal Brian Cass and defendants Police Officers John Does #1-6, acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies, and practices of the Upper Pottsgrove Township Police Department and West Pottsgrove Township Police Department, and Defendants, Upper Pottsgrove Township and West Pottsgrove Township, deprived plaintiff of her rights, privileges and immunities under the Laws and Constitutions of the State of Pennsylvania and the United States; in particular, the right to be free from false arrest and false imprisonment by an officer; which violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, and the laws and of the Commonwealth of Pennsylvania.

49. As aforesaid defendants Police Officer James Hummer, Police Officer Sean Farrell, Corporal Brian Cass and Police Officers John Does #1-6, acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies and/or practices of the defendants Upper Pottsgrove Township Police Department and West Pottsgrove Township Police Department, and Defendants, Upper Pottsgrove Township and West Pottsgrove Township, intentionally and maliciously arrested, imprisoned, detained, humiliated, and insulted, plaintiff, Melinda Campeggio, and used their position of authority, illegally and improperly to punish the plaintiff, by the above described actions, all of which actions violated the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, and the laws and of the Commonwealth of Pennsylvania.

50. Police Officer James Hummer, Police Officer Sean Farrell, Corporal Brian Cass and Defendants Police Officers John Does #1-6 conduct in causing the Plaintiff to be falsely arrested and imprisoned on the aforementioned occasions was the proximate cause of Plaintiff's damages, including, but not limited to, physical injury, emotional damage and economic damage.

WHEREFORE, plaintiff, Melinda Campeggio, demands compensatory and punitive damages against defendants Police Officer James Hummer, Police Officer Sean Farrell, Corporal Brian Cass and Police Officers John Does #1-6, for violating her Fourth and Fourteenth Amendment right to be free from false arrest and false imprisonment, and her rights under the laws of the Commonwealth of Pennsylvania to be free from false arrest and imprisonment in an amount sufficient to adequately and fairly compensate the plaintiff and punish and deter such conduct on the part of defendants, along with interest, costs, attorney's fees and delay damages.

.

**COUNT III- FAILURE TO TRAIN AND SUPERVISE - MONELL CLAIM MELINDA CAMPEGGIO V. UPPER POTTSGROVE TOWNSHIP POLICE DEPARTMENT, WEST POSTTSGROVE TOWNHIP POLICE DEPARTMENT,UPPER POTTSGROVE TOWNSHIP, WEST POSTTSGROVE TOWNSHIP, AND POLICE CHIEF WILLIAM MOFFETT AND POLICE CHIEF EARL E. SWAVELY, JR.**

51. Paragraphs 1 through 50 are incorporated herein by reference, as though each were fully set forth herein at length.

52. The plaintiff, Melinda Campeggio, believes and therefore avers that Defendants, Upper Pottsgrove Township, Police Chief William Moffett, West Pottsgrove Township, and/or Police Chief Earl E. Swavely, have adopted and maintained for many years a recognized and accepted policy, custom, and/or practice of condoning and/or the acquiescence of violating the constitutional rights of citizens, including, but not limited to, a policy of allowing excessive or unreasonable force, falsely arresting, falsely imprisoning and maliciously prosecuting innocent people, which policy is in violation of the constitution and in violation of 42 U.S.C. Section 1983.

53. The plaintiff, Melinda Campeggio, believes and therefore avers that the defendants, Upper Pottsgrove Township, Police Chief William Moffett, West Pottsgrove Township, and/or Police Chief Earl E. Swavely, have adopted and maintained for many years, a recognized and accepted policy, custom and/or practice of systematically failing to properly train, supervise and discipline police officers, including the individual defendants, regarding constitutional restraints on the police power to use reasonable force, to falsely arrest, falsely imprison, and maliciously prosecute individuals without probable cause and/or legal justification which policy violates the Fourth and Fourteenth Amendments of the Constitution of the United States and the laws of the Commonwealth of Pennsylvania.

54. The Defendants, Upper Pottsgrove Township, Police Chief William Moffett, West Pottsgrove Township, and/or Police Chief Earl E. Swavely, have been deliberately indifferent to the rights of citizens of Pottstown to be free from unreasonable force, false arrests, false imprisonment, and malicious prosecution, which deliberate indifference violates the plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States and the laws of the Commonwealth of Pennsylvania.

55. The plaintiff, Melinda Campeggio, believes and therefore avers, that at the time of plaintiff's incidents, defendants, Upper Pottsgrove Township, Police Chief William Moffett, West Pottsgrove Township, and/or Police Chief Earl E. Swavely, knew or should have known of the above described policy, custom, and/or practice of the Upper Pottsgrove Township Police Department and West Pottsgrove Police Department, and they deliberately, knowingly, and/or intentionally failed to take measures to stop or limit the policy, including, inter alia, providing proper training, directives, supervision, discipline, and control of the officers, agents, and/or employees of the Upper Pottsgrove Township Police Department and/or West Pottsgrove Township Police Department.

56. The plaintiff, Melinda Campeggio, believes and therefore avers, that at the time of the incidents alleged in Plaintiff's Complaint, defendants, Upper Pottsgrove Township, Police Chief William Moffett, West Pottsgrove Township, and/or Police Chief Earl E. Swavely, knew or should have known of the above described policy, custom and/or practice of the Upper

Pottsgrove Township Police Department and/or West Pottsgrove Township Police Department, and that they deliberately, knowingly and intentionally failed to take measures to stop or limit the policy, custom and/or practice including but not limited to, inter alia:

a. Failure to prevent unreasonable force, false arrest, false imprisonment and malicious prosecution upon persons by Upper Pottsgrove Township and/or West Pottsgrove Township Police Officers;

b. Failure to have clear, concise, and appropriate police directives regarding proper standards for use of force and probable cause for arrest and prosecution;

c. Failure to properly supervise and/or control its police officers;

d. Failure to have proper counseling, use of force re-training, sensitivity training, psychiatric evaluations, or supervisory briefing/discussion with members of its police department with prior and ongoing complaints of excessive force, false arrests, false imprisonments and malicious prosecutions;

e. Failure to conduct systematic and complete internal affairs investigations and commanding officers' investigation resulting in appropriate and documented corrective actions at all levels of their police departments;

f. Failure to prevent plaintiff from being injured by its officers where defendants knew or had reason to know of the conduct of said police officers;

g. Failure to have in existence and/or maintain proper personnel training procedures necessary to prevent the type of conduct as aforesaid;

h. Failing to provide adequate guidance, including police directives, as to when it was inappropriate to arrest and prosecute persons and how to handle evidence in criminal prosecutions;

proximate result of the policies, the aforementioned defendants condoned, acquiesced in, participated in, and perpetrated the policies, customs and/or practices in violation of the plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States and the laws of the Commonwealth of Pennsylavania.

60. As a direct and proximate result of the malicious, intentional and reckless actions of the defendants, Upper Pottsgrove Township, Police Chief William Moffett, West Pottsgrove Township, and/or Police Chief Earl E. Swavely, the plaintiff, Melinda Campeggio, suffered injuries which are described above.

WHEREFORE, pursuant to 42 U.S.C. Section 1983 and Section 1988, plaintiff, Melinda Campeggio, demands compensatory damages against defendants, Upper Pottsgrove Township, Police Chief William Moffett, West Pottsgrove Township, and/or Police Chief Earl E. Swavely, in an amount sufficient to adequately and fairly compensate the plaintiff and punish and deter such conduct on the part of defendants, along with interest, costs, attorney's fees and delay damages.

**COUNT IV**
**STATE LAW**
**FALSE ARREST AND FALSE IMPRISONMENT**
**MELINDA CAMPEGGIO VS. POLICE OFFICER JAMES HUMMER, POLICE OFFICER SEAN FARRELL, CORPORAL BRIAN CASS, AND POLICE OFFICERS JOHN DOES #1-6**

61. Paragraphs 1 through 60 are incorporated herein by reference, as fully as though each were set forth herein at length.

62. As set forth above, Defendants Police Officer James Hummer, Police Officer Sean Farrell, Corporal Brian Cass and Police Officers John Does #1-6, intentionally caused the false arrest and false imprisonment of the plaintiff, without probable cause, without privilege and against the plaintiff's will.

63. As a direct and proximate result of the malicious intentional and/or reckless actions of Defendants Patrol Officer James Hummer, Police Officer Sean Farrell, Police Officer Corporal

Brian Cass and Police Officers John Does #1-6, the plaintiff sustained injuries which are described above.

64. The above-described actions of Defendants Police Officer James Hummer, Police Officer Sean Farrell, Corporal Brian Cass and Police Officers John Does #1-6 were so malicious and intentional and displayed such a reckless indifference to the plaintiff's rights and well-being, that the imposition of punitive damages is warranted.

WHEREFORE, plaintiff, Melinda Campeggio, demands compensatory and punitive damages against Defendants Police Officer James Hummer, Police Officer Sean Farrell, Corporal Brian Cass and Police Officers John Does #1-6, for the common law torts of false arrest and false imprisonment, in an amount sufficient to adequately and fairly compensate the plaintiff and punish and deter such conduct on the part of defendants, along with interest, costs, attorney's fees and delay damages.

**COUNT V**
**STATE LAW**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**MELINDA CAMPEGGIO VS. . PATROL OFFICER JAMES HUMMER, PATROL OFFICER SEAN FARRELL, CORPORAL BRIAN CASS, AND POLICE OFFICERS JOHN DOES #1-6**

65. Paragraphs 1 through 64 are incorporated herein by reference, as fully as though each were set forth herein at length.

66. Plaintiff believes and therefore avers that the defendants, Police Officer James Hummer, Police Officer Sean Farrell, Corporal Brian Cass and Police Officers John Does #1-6, through their actions, as more fully set forth in the preceding paragraphs of this complaint, did inflict serious emotional distress upon plaintiff in an intentional and/or reckless manner.

67. The above-described malicious, intentional, and/or reckless acts and omissions of Defendants Police Officer James Hummer, Police Officer Sean Farrell, Corporal Brian Cass, and Police Officers John Does #1-6, were outrageous, atrocious, and completely intolerable in a civilized society and went beyond all possible bounds of decency.

68. The above-mentioned malicious, intentional, and/or reckless acts and omissions of Defendants Police Officer James Hummer, Police Officer Sean Farrell, Corporal Brian Cass and Police Officers John Does #1-6 caused and continue to cause the plaintiff severe emotional distress, anxiety, and fear.

69. As a direct and proximate result of the malicious, intentional and/or reckless actions of Defendants Police Officer James Hummer, Police Officer Sean Farrell, Corporal Brian Cass and Police Officers John Does #1-6, the plaintiff suffered injuries which are described above.

70. The above-described actions of Defendants Police Officer James Hummer, Police Officer Sean Farrell, Corporal Brian Cass and Police Officers John Does #1-6, were so malicious and intentional and displayed such a reckless indifference to the plaintiff's rights and well-being, that the imposition of punitive damages is warranted.

WHEREFORE, plaintiff, Melinda Campeggio, demands compensatory and punitive damages against Defendants Police Officer James Hummer, Police Officer Sean Farrell, Corporal Brian Cass and Police Officers John Does #1-6, jointly and/or severally, for the common law tort of intentional infliction of emotional distress, in an amount sufficient to adequately and fairly compensate the plaintiff and punish and deter such conduct on the part of defendants, along with interest, costs, attorney's fees and delay damages.

## COUNT VI
## 42 U.S.C. 1983 AND 1988
## CONSPIRACY
## MELINDA CAMPEGGIO VS. . PATROL OFFICER JAMES HUMMER, PATROL OFFICER SEAN FARRELL, CORPORAL BRIAN CASS, AND POLICE OFFICERS JOHN DOES #1-6

71. Paragraphs 1 through 70 are incorporated herein by reference, as fully as though each were set forth herein at length.

72. Defendants Police Officer James Hummer, Police Officer Sean Farrell, Corporal Brian Cass and Police Officers John Does #1-6 entered into an agreement or meeting of the minds to have plaintiff subjected to excessive force, illegally arrested, imprisoned and maliciously prosecuted.

73. As a direct and proximate result of the agreement between the aforementioned defendants, Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments and laws of the Commonwealth of Pennsylvania were violated and she suffered emotional harm and substantial economic loss.

WHEREFORE, plaintiff, Melinda Campeggio, demands compensatory and punitive damages against the Defendants, Police Officer James Hummer, Police Officer Sean Farrell, Corporal Brian Cass and Police Officers John Does #1-6, for the conspiracy to violate her constitutional rights in an sufficient to adequately and fairly compensate the plaintiff and punish and deter such conduct on the part of defendants, along with interest, costs, attorney's fees and delay damages.

**COUNT VII**
**42 U.S.C. 1983 AND 1988**
**BYSTANDER LIABILITY**
**MELINDA CAMPEGGIO VS. . PATROL OFFICER JAMES HUMMER, PATROL OFFICER SEAN FARRELL, POLICE OFFICER CORPORAL BRIAN CASS, AND POLICE OFFICERS JOHN DOES #1-6**

74. Paragraphs 1 through 73 are incorporated herein by reference, as fully as though each were set forth herein at length.

75. Defendants Police Officer James Hummer, Police Officer Sean Farrell, Corporal Brian Cass and Police Officers John Does #1-6, were present when the Plaintiff's constitutional rights were violated by using unreasonable force, falsely arresting and imprisoning her and maliciously prosecution.

76. Defendants Police Officer James Hummer, Police Officer Sean Farrell, Corporal Brian Cass and Police Officers John Does #1-6, knew or had reason to know that they did not have probable cause to arrest or prosecute the Plaintiff and that the Plaintiff's constitutional rights were being violated due to the use of unreasonable force by the Defendants, and said Defendants had realistic opportunities to intervene and prevent the harm from occurring, but failed to do so.

77. Defendants Police Officer James Hummer, Police Officer Sean Farrell, Corporal Brian Cass and Police Officers John Does #1-6, maliciously, intentionally, recklessly and with deliberate indifference, failed to intervene and halt the unconstitutional conduct of any and all of the above named Defendants, resulting in Plaintiff sustaining the injuries as set forth above.

WHEREFORE, plaintiff, Melinda Campeggio, demands compensatory and punitive damages against the Defendants Patrol Officer James Hummer, Patrol Officer Sean Farrell, Police Officer Corporal Brian Cass, and Police Officers John Does #1-6, under the theory of bystander liability for the violation her constitutional rights in an amount sufficient to adequately and fairly compensate the plaintiff and punish and deter such conduct on the part of defendants, along with interest, costs, attorney's fees and delay damages.

## COUNT VIII
## STATE LAW
## ASSAULT AND BATTERY
## MELINDA CAMPEGGIO VS. POLICE OFFICER JAMES HUMMER, POLICEOFFICER SEAN FARRELL, CORPORAL BRIAN CASS, AND POLICE OFFICERS JOHN DOES #1-6

78. Paragraphs 1 through 77 are incorporated herein by reference, as fully as though each were set forth herein at length.

79. Defendants Police Officer James Hummer, Police Officer Sean Farrell, Corporal Brian Cass and Police Officers John Does #1-6, wrongfully and unlawfully assaulted and battered the plaintiff, as more particularly described hereinabove.

80. Plaintiff specifically complains of the conduct of defendants, Police Officer James Hummer, Police Officer Sean Farrell, Corporal Brian Cass and Police Officers John Does #1-6, in physically abusing, choking, pushing, grabbing, punching, kicking, stomping and throwing the plaintiff, Melinda Campeggio.

81. The above-described actions of defendants placed the plaintiff, Melinda Campeggio, in reasonable fear of imminent bodily harm and resulted in the plaintiff being unlawfully and improperly assaulted and abused against his will.

82. As a direct and proximate result of the malicious, intentional and/or reckless actions of the defendants, Police Officer James Hummer, Police Officer Sean Farrell, Corporal Brian Cass and Police Officers John Does #1-6, the plaintiff suffered injuries which are described above.

83. The above-described actions of defendants, Police Officer James Hummer, Police Officer Sean Farrell, Corporal Brian Cass and Police Officers John Does #1-6, were so malicious, intentional and reckless and displayed such a reckless indifference to the plaintiff's rights and well-being, that the imposition of punitive damages is warranted.

WHEREFORE, plaintiff, Melinda Campeggio, demands compensatory and punitive damages against the Defendants Police Officer James Hummer, Police Officer Sean Farrell, Corporal Brian Cass and Police Officers John Does #1-6, jointly and/or severally, for the common law tort of assault and battery in an amount sufficient to adequately and fairly compensate the plaintiff and punish and deter such conduct on the part of defendants, along with interest, costs, attorney's fees and delay damages.

**COUNT IX**
**SECTION 1983-**
**MALICIOUS PROSECUTION**
**MELINDA CAMPEGGIO VS. . POLICE OFFICER JAMES HUMMER, POLICE OFFICER SEAN FARRELL, CORPORAL BRIAN CASS, AND POLICE OFFICERS JOHN DOES #1-6**

84. Paragraphs 1 through 83 are incorporated herein by reference, as though each were fully set forth herein at length.

85. As aforementioned, Police Officer James Hummer, Police Officer Sean Farrell, Corporal Brian Cass and Police Officers John Does #1-6, acting within the course and scope of their employment, under the Color of State law, and pursuant to the customs, policies and/or practices of the defendants Upper Pottsgrove Township and West Pottsgrove Township, intentionally and maliciously Prosecuted Plaintiff without probable cause on the aforementioned occasions, violating the Plaintiff's rights under the Fourth and Fourteenth.

86. Defendants Police Officer James Hummer, Police Officer Sean Farrell, Corporal Brian Cass, and Police Officers John Does #1-6, conduct in causing the Plaintiff to be maliciously prosecuted on the aforementioned occasions was the proximate cause of Plaintiff's damages, including, but not limited to, physical injury, emotional damage, and economic damage.

WHEREFORE, plaintiff, Melinda Campeggio demands compensatory and punitive damages against defendants, Police Officer James Hummer, Police Officer Sean Farrell, Corporal Brian Cass, and Police Officers John Does #1-6, for violating her Fourth, and Fourteenth Amendment right to be free from malicious prosecution, and her rights under the law of the Commonwealth of Pennsylvania to be free from malicious prosecution in an amount sufficient to adequately and fairly compensate the plaintiff and punish and deter such conduct on the part of defendants, along with interest, costs, attorney's fees and delay damages.

**COUNT XI**
**STATE LAW**
**MALICIOUS PROSECUTION**
**MELINDA CAMPEGGIO VS. POLICE OFFICER JAMES HUMMER, POLICE OFFICER SEAN FARRELL, CORPORAL BRIAN CASS, AND POLICE OFFICERS JOHN DOES #1-6**

87. Paragraphs 1 through 86 are incorporated herein by reference, as fully as though each were set forth herein at length.

88. As described above, Defendants, Police Officer James Hummer, Police Officer Sean Farrell, Corporal Brian Cass and Police Officers John Does #1-6, intentionally, maliciously and without probable cause, caused the plaintiff to be subjected to criminal proceedings.

89. The above mentioned criminal proceedings resulted in the plaintiff being found not guilty of all charges filed against her by the Defendants.

90. As a direct and proximate result of the malicious and intentional actions of defendants, the plaintiff, Melinda Campeggio, suffered injuries and damages which are described above.

91. The above described actions of defendants were so malicious and intentional and displayed such a reckless indifference to the plaintiff's rights and well being that the imposition of punitive damages is warranted.

WHEREFORE, plaintiff, Melinda Campeggio, demands compensatory and punitive damages against the Defendants Police Officer James Hummer, Police Officer Sean Farrell, Corporal Brian Cass and Police Officers John Does #1-6, jointly and/or severally, for the common law tort of malicious prosecution, in an amount sufficient to adequately and fairly compensate the plaintiff and punish and deter such conduct on the part of defendants, along with interest, costs, attorney's fees and delay damages.

RESPECTFULLY SUBMITTED,

Date: February 28, 2014 BY: Benson I. Goldberger

Benson I. Goldberger, Esquire
Attorney for Plaintiff Melinda Campeggio